[Civ. No. 8944. Second Appellate District, Division One.—February 14, 1935.]

R. E. ALLEN, as Trustee in Bankruptcy, etc., Respondent, v. EDWARD RAINEY, Superintendent of Banks, etc., Appellant.

Sullivan, Roche, Johnson & Barry for Appellant.

Francis B. Cobb and Ernest U. Schroeter for Respondent.

EDMONDS, J., *pro tem.*—The superintendent of banks was directed by a writ of mandate to pay the deposit of a federal receiver in the Bank of Santa Monica, in liquidation, as a preferred claim. He appeals from the order directing the writ, making no issue on the question of whether or not mandate is a proper remedy. The case was tried on an agreed statement of facts.

W. W. Mines was by order of the United States District Court appointed and thereafter qualified as receiver of Miramar Properties, Inc. He presented to the bank a copy of the order appointing him, whereupon the bank transferred the sum of $3,374.97 standing on its books to the credit of the corporation to a commercial account in the name of the receiver. A few days later he presented to the District Court a petition in which he stated: "I am the duly appointed, qualified and acting receiver in the above entitled action and as such receiver am in possession of certain funds

belonging to the receivership estate which funds I have on deposit in the Marine Bank of Santa Monica, a national banking association, at its Head Office in Santa Monica, and a portion of which funds I expect to have on deposit in the Main Office of the Citizens National Trust & Savings Bank, a national banking association, in Los Angeles, California. Now Therefore I Pray That This Court Make Its Order approving my deposit of the said funds in the said banks and designating the Head Office of the Marine Bank of Santa Monica and the Main Office of the Citizens National Trust & Savings Bank, Los Angeles, as depositories for the funds in my possession as such receiver in the above entitled action.'' Upon a hearing of the petition the court made its order: ''that the deposit of W. W. Mines of funds in his possession as receiver in the above entitled action in the Head Office of the Marine Bank of Santa Monica, and funds which he may expect to have on deposit in the Main Office of the Citizens National Trust & Savings Bank, Los Angeles, be and they hereby are approved; and that the said Head Office of the Marine Bank of Santa Monica and the Main Office of the Citizens National Trust & Savings Bank, Los Angeles, be and hereby are named as depositories for the funds in the custody of the said receiver.'' No notice of the filing of the petition or the order thereon was ever given to the bank.

Mr. Mines continued as receiver until after the superintendent of banks took possession of the Bank of Santa Monica for the purpose of liquidating it. At the time the bank went into liquidation he had on deposit in the commercial account opened by him at the time of his appointment the sum of $24,485.16. He duly filed his claim against the commercial account of the bank for the payment of the deposit in full under section 51 of the Bank Act which provides: ''Any court having appointed and having jurisdiction of any executor, administrator, guardian, assignee, receiver, depositary or trustee, upon the application of such executor, administrator, guardian, assignee, receiver, depositary or trustee, or upon the application of any person having an interest in the estate administered upon by such officer or trustee, after notice to other parties in interest as the court may direct, and after a hearing upon such application, may authorize such officer or trustee to deposit any

money then in his hands as such officer or trustee or which may thereafter come into his hands, and until the further order of the court, in any bank organized under the laws of the state of California; and upon such deposit being made, the officer or trustee so depositing the same shall thereafter and while such moneys remain on deposit in such bank, be relieved and discharged from all liability and responsibility therefor, and the bond required of such officer or trustee given upon his appointment shall be thereupon by said court reduced to such an amount as the court may deem reasonable; such deposit shall be repaid only upon the orders of said court, and shall be a preferred claim against such bank and be paid in full before any other depositor of such bank shall have been paid.'' (Deering's Gen. Laws, 1931 Ed., Act 652.)

After the filing of this claim, which was rejected by the superintendent of banks, Miramar Properties, Inc., was adjudged bankrupt and respondent, as its trustee in bankruptcy, is the successor in interest of the receiver.

The appellant contends that the provisions of the Bank Act quoted are not applicable to a fiduciary appointed by or acting under the authority of a federal court, and that it appears from the petition of the receiver and the order thereon that it was not intended that the benefits of this section would be invoked. It is also urged that the bank cannot be charged with a preferred deposit without notice of its character.

The legislature of California cannot provide for procedure in United States courts. It cannot direct that the bond of a fiduciary appointed by a federal court shall be reduced or fixed in any particular way or at all. It cannot provide for the procedure to be taken in a Federal court by an officer of that court to secure approval of his proposed acts with the assets under his control. It cannot fix the conditions under which such receivers or trustees may be relieved and discharged from liability and responsibility for funds in their charge. In the very early case of *Prigg* v. *Pennsylvania,* 16 Pet. 539 [10 L. Ed. 1060, 1090], the Supreme Court of the United States said: ''For, if Congress have a constitutional power to regulate a particular subject, and they do actually regulate it in a given manner, and in a certain form, it cannot be that the State Legislatures have

562

a right to interfere, and, as it were, by way of complement to the legislation of Congress, to prescribe additional regulations, and what they may deem auxiliary provisions for the same purpose. In such a case, the legislation of Congress, in what it does prescribe, manifestly indicates that it does not intend that there shall be any farther legislation to act upon the subject-matter. Its silence as to what it does not do is as expressive of what its intention is as the direct provisions made by it." Under these familiar rules the law in question cannot apply to fiduciaries appointed by federal courts.

■ We agree also with appellant's contention that it does not appear from the petition and the order made thereon that there was · any intention to bring the deposit within the terms of the state law. ■ It is the general rule that a fiduciary is personally liable for money deposited by him in a bank which becomes insolvent unless the evidence shows that he was not negligent in so doing. "Likewise, it appears to be in accord with many authorities that, *in the absence of an order of court permitting it,* such a deposit of trust funds in bank is not warranted as an investment, but only for temporary purposes pending investment, such a deposit as an investment being held to be a loan to the bank on personal security only, a kind of investment not considered by such authorities as one ordinarily proper to be made in the exercise of due care." (*Estate of Wood,* 159 Cal. 466, 471 [114 Pac. 992, 36 L. R. A. (N. S.) 252].) Prudent trustees, therefore, are careful to obtain express approval for the deposit of funds in their care. Mr. Mines' petition was to approve his deposit and designate a depository. The order of the court shows that its only purpose was to approve the depository.

It was nowhere suggested in the petition or the order that the bond of the trustee should be reduced in any amount by such deposit, and there is no provision for withdrawal of the funds by order of the court. During all of the time from the making of the order to the closing of the bank Mr. Mines treated the account as an ordinary checking account, and he never asked for nor received approval of any of his acts in connection therewith. The approval of his accounts by the court constitutes no withdrawal of the money "by the further order of the court"

as the statute provides. He, or his successor, cannot now claim the benefits of the law, even if we assume that a trustee appointed by a federal court might come within its provisions.

Also, it would be highly inequitable to hold the bank liable as on a special or preferential demand when it had no notice that any preference was claimed. When a deposit is made by a customer in a bank in the ordinary course of business, title to the money passes to the bank upon an implied contract on the part of the bank to repay the amount upon the checks of the depositor. Unless there are stipulations to the contrary the deposits become part of its general funds and can be loaned as such. (*Plumas County Bank* v. *Bank of Rideout, Smith & Co.,* 165 Cal. 126 [131 Pac. 360, 47 L. R. A. (N. S.) 552]; *Wood* v. *Imperial Irr. Dist.,* 216 Cal. 748 [17 Pac. (2d) 128].) If the depositor seeks to place special conditions upon his deposit, there must be some agreement between him and the bank as to what they shall be. The bank may not wish to accept deposits having special conditions or preferences and it certainly has a right to refuse them. Furthermore, other depositors have a right to be protected against preferences claimed by a depositor but never agreed to by the bank. These principles are elementary.

But it is contended that the bank had constructive notice of the character of the deposit, because it was made by a fiduciary. If that were true every deposit made by any fiduciary would be a preferred deposit, a situation which the statute neither contemplates nor authorizes.

The order is reversed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.